**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Roberto Charles YSASSI, Jr.,**
**Defendant–Appellant.**

**United States of America,**
**Plaintiff–Appellee,**

v.

**Roberto Charles Ysassi, Jr.,**
**Defendant–Appellant.**

Nos. 06–10104, 06–10323.

United States Court of Appeals,
Ninth Circuit.

Submitted June 9, 2008.*

Filed June 13, 2008.

William R. Reed, Esq., Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Mario Valencia, Henderson, NV, for Defendant–Appellant.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: TASHIMA, McKEOWN, and GOULD, Circuit Judges.

## MEMORANDUM **

Roberto Charles Ysassi, Jr. appeals his conviction and sentence for five counts of bank robbery in violation of 18 U.S.C. § 2113(a). We have jurisdiction under 28 U.S.C. § 1291.[1]

█ Ysassi insisted on representing himself during the district court proceedings, but now, represented by counsel, contends that the district court erred by not *sua sponte* ordering an evidentiary hearing to determine whether he was competent to waive his constitutional right to counsel. Ysassi's advancement of meritless legal arguments does not render him incompetent to stand trial. *See Godinez v. Moran,* 509 U.S. 389, 398–400, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993); *Davis v. Woodford,* 384 F.3d 628, 645–46 (9th Cir.2004). Despite advancing legal arguments destined for failure, Ysassi in his communications to the district court demonstrated that he possessed a "minimal understanding of the proceedings against him." *United States v. Hernandez,* 203 F.3d 614, 620 n. 8 (9th Cir.2000). We hold that the district court did not err in permitting Ysassi to represent himself without first ordering an evidentiary hearing to assess his competence.

█ Ysassi also argues, and the government agrees, that the district court committed plain error by miscalculating the advisory United States Sentencing Guidelines range for his offenses. The district court erred by determining that Ysassi's total combined offense level was 27, instead of 26. *See* U.S.S.G. § 3D1.4. This error resulted in an advisory Sentencing Guidelines range of 100 to 125 months of imprisonment, instead of 92 to 115 months of imprisonment. *See* U.S.S.G. ch. 5, pt. A, Sentencing Table. The district court sentenced Ysassi to 125 months of imprisonment, the high end of the erroneously-calculated Sentencing Guidelines range. We hold that the district court plainly erred, vacate Ysassi's sentence, and remand to the district court for resentencing using the appropriate combined offense level and advisory Sentencing Guidelines range as "the starting point and the initial benchmark." *Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 596, 169 L.Ed.2d 445 (2007); *see also United States v. Cantrell,* 433 F.3d 1269, 1279–80 (9th Cir.2006).

Finally, because Ysassi did not challenge in his appellate briefing the district court's order denying his "Right to Petition the Court and Accept the District Court Judge's Offer of His Endorsement, Presentment and/or Instrument for Appraised Assessed Value and Returned for Discharge and Dishonor Non–Negotiable, It's Judgment and Commitment in a Criminal Case (Exempt from Levy)," he has abandoned his appeal of the order. *See* Fed. R.App. P. 28(a)(9)(A); *Leer v. Murphy,* 844 F.2d 628, 634 (9th Cir.1988).

In No. 06–10323, **CONVICTION AFFIRMED; SENTENCE VACATED and REMANDED.**

In No. 06–10104, the order appealed from is **AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.